■ In the Matter of the Claim of HAROLD VAN DEUSEN, Respondent, v. VEGA INDUSTRIES, INC., et al., Appellants, and FAIRBANKS TRUCKING COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its carrier from a decision and award of the Workmen's Compensation Board. On June 28, 1957 claimant, a truck driver then in the employ of appellant, Vega Industries, Inc., sustained injuries diagnosed as a strain of the lumbosacral muscles with accompanying strain of the chest and neck in attempting to tip a large metal tank onto its side. Hospitalization followed during which he came under the care of a neurosurgeon who suspecting an intervertebral disc injury performed a laminectomy which proved his suspicion unfounded but disclosed epidural varices, a congenital condition. Claimant returned to his work in January, 1958, was laid off because of its slackness in the latter part of April, 1958 but found employment with respondent, Fairbanks Trucking Company, in August of the same year. On October 9, 1958 claimant while in this employ was again injured and hospitalized for a few days for the treatment of bruises to his hip, leg, neck and elbow. He returned to work for the same employer on November 24, 1958, discontinued the employ on February 17, 1960 because of disability and has not worked since for the same reason. Without formal adjudication the insurance carriers of the respective employers made appropriate compensation payments to claimant for the periods of disability prior to February 17, 1960. The board in affirming the decision of the Referee found claimant totally disabled for the period from February 17, 1960 to July 18, 1960 as the result of both accidents and apportioned the disability award equally between both employers. It further found continuing partial disability solely causally related to the first accident and assessed liability for an award based thereon against the first employer. On appeal the board's findings of disability are not contested. At the hearing held on April 10, 1961 considerable medical evidence was adduced from the treating and examining physicians. The report of a testifying doctor received in evidence stated that he considered "that these accidents are equally responsible for his present disability." The treating physician for the second injuries reported on November 7, 1958 that "There is a direct, causal relationship between his original injury and his disability" and testified that when he last saw claimant on April 18, 1959 he had no remaining disability from the second trauma. Another physician who treated claimant for the injuries sustained on June 28, 1957 and examined him after the accident of October 9, 1958 reported and testified in reference to the latter that "He did not injure his back or aggravate any pre-existing condition in this accident." Upon this voluminous medical record another trier of the facts might well have found that both accidents contributed to the ultimate disability but we cannot say as a matter of law that the board's conclusions are not supported by substantial evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.